### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES DOTTS,** | **Civil Action No. 16-9600(BRM)** |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **DET. ROMANO,** | |
| **Defendant.** | |

**THIS MATTER** is opened to the Court by Plaintiff James Dotts ("Plaintiff"), upon the filing of a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1). For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice.

The Prison Litigation Reform Act of 1995 (the "Act") amends 28 U.S.C. § 1915 and establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, stating the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400, which includes a filing fee of $350 plus an administrative fee of $50. A prisoner granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative

fee. If *in forma pauperis* status is denied, however, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, 28 U.S.C. § 1915(b)(1) provides the prisoner must pay the full amount of the $350 filing fee as follows: in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1)-(2), including a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). Although Plaintiff has filed a purported application to proceed *in forma pauperis*, he failed to attach any account statements from any institution(s) in which he is or has been incarcerated. Indeed, neither the Complaint nor Plaintiff's *in forma pauperis* application specify whether Plaintiff is currently incarcerated or, if not, the dates he was previously incarcerated.[1] In either case, however, to the extent Plaintiff purports to be "a prisoner applying for *in forma pauperis* in a civil case" (*see* ECF No. 1-1), Plaintiff has failed to comply with the requirements of 28 U.S.C. § 1915(a)(1)-(2), by failing to provide the Court with a six-month

---

[1] In his *in forma pauperis* application, Plaintiff listed his dates of confinement as "11/23/16" and listed his place(s) of confinement as "MCCI, Freehold, NJ 07728." (ECF No. 1-1 at 2.) Plaintiff's Complaint and *in forma pauperis* application, however, list conflicting addresses and the Court is unable to determine whether Plaintiff remains incarcerated or was released sometime after November 23, 2016. In this regard, the Court directs Plaintiff to L.Civ.R. 10.1, which provides "unrepresented parties must advise the Court of any change in their address . . . within seven days of being apprised of such change by filing a notice of said change with the Clerk." L.Civ.R. 10.1(a) ("Failure to file a notice of address change may result in the imposition of sanctions by the Court.").

account statement certified by an appropriate official of the prison in which he is being held. As a result, Plaintiff's application is deficient and must be denied. Accordingly,

**IT IS** on this 11th day of January, 2017,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **DENIED**, without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the Complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F. 3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (holding the "statute of limitations is met when a complaint is submitted to the clerk before the statute runs"); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement covering six months immediately preceding his filing of this complaint on December 30, 2016, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application including the appropriate six month statement or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**Date: January 11, 2017**                    */s/ Brian R. Martinotti*_____
                                               **HON. BRIAN R. MARTINOTTI**
                                               **UNITED STATES DISTRICT JUDGE**

4